UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IO GROUP, INC., <br><br> Plaintiff, <br><br> v. <br><br> ANTELOPE MEDIA, <br><br> Defendant. | Case No.: C 08-4050 PVT <br><br> **ORDER OVERRULING PLAINTIFF'S OBJECTION; AND** <br><br> **ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE DISMISSED FOR LACK OF PERSONAL JURISDICTION** |

In its complaint, Plaintiff alleges that personal jurisdiction exists because Defendant allegedly solicits, transacts and is doing business in California. It further alleges that "each act of infringement complained of herein occurred from the base domain monstercocktube.com and occurred on computer servers owned, operated and/or controlled by defendants" and that Defendants "have registered the domain name through a domain registrar with its company headquarters located in Poway, California." Plaintiff's allegation of personal jurisdiction thus appears to hinge on its allegation that Defendant "does business as monstercocktube.com and operates a website at monstercocktube.com." On October 23, 2008, Defendant filed a letter in which it claims it does not own or operate the website monstercocktube.com. On November 3, 2008, Plaintiff filed an objection to Defendant's October 23, 2008 letter. Based on the file herein,

IT IS HEREBY ORDERED that Plaintiff's objection is OVERRULED without prejudice to a

1  properly supported motion to strike.  Plaintiff's counsel's argument does not constitute competent
2  evidence that Antelope Media is a limited liability company rather than a partnership.  Nothing on
3  the letter filed by Antelope Media indicates it is anything other than a partnership, and Plaintiff has
4  filed neither any documentation from the Arizona Secretary of State, nor any request for judicial
5  notice.
6        IT IS FURTHER ORDERED that, no later than December 5, 2008, Plaintiff shall file a
7  declaration showing cause why this case should not be dismissed for lack of personal jurisdiction.
8        Due process requires that "in order to subject a defendant to a judgment in personam, if he be
9  not present within the territory of the forum, he have certain minimum contacts with it such that the
10 maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'"
11 *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).  Under the due process analysis, a
12 state may exercise either general or specific jurisdiction over a defendant.  *See Helicopteros*
13 *Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414-15 (1984).
14       If a defendant's activities within the forum state are "continuous and systematic" or
15 "substantial," the state has a sufficient relationship with the defendant to assert general jurisdiction.
16 *See Perkins v. Benguet Consol. Mining Co.,* 342 U.S. 437, 445, 447 (1952).  If a forum state cannot
17 assert general jurisdiction over the defendant, it may still assert specific jurisdiction based on the
18 quality and nature of the defendant's contacts with the forum state in relation to the cause of action.
19 *See Data Disc, Inc. v. Systems Tech. Assocs., Incs.,* 557 F.2d 1280, 1287 (9th Cir. 1977).
20       Unless Plaintiff can make a showing of general jurisdiction over Antelope Media, Plaintiff
21 must show that Antelope Media owns, operates or otherwise has control over monstercocktube.com.
22 Plaintiff must also show that Antelope Media's contacts with this forum through its ownership,
23 operation or other control of monstercocktube.com are sufficient to confer on this court personal
24 jurisdiction over Antelope Media.
25 Dated: *11/4/08*
26
27       PATRICIA V. TRUMBULL
      United States Magistrate Judge
28

ORDER, *page 2*

***Counsel automatically notified of this filing via the court's Electronic Case Filing system.***

copies mailed on                    to:

Antelope Media
304 East Beth Drive
Phoenix, AZ 85042

_____
CORINNE LEW
Courtroom Deputy