United States District Court

For the Northern District of California

1
2
3
4
5
6
7
8

IN THE UNITED STATES DISTRICT COURT

9

FOR THE NORTHERN DISTRICT OF CALIFORNIA

10
11
12
13
14
15
16
17
18
19
20

IO GROUP, INC.,

                                Plaintiff,

        v.

ANTELOPE MEDIA, LLC,

                                Defendant

_____/

No. C-08-4050 MMC

**ORDER DISCHARGING ORDER TO
SHOW CAUSE; STRIKING LETTERS
FILED BY HERRMANN AND PALICKI;
GRANTING PLAINTIFF'S MOTION FOR
LEAVE TO FILE FIRST AMENDED
COMPLAINT; DENYING PLAINTIFF'S
MOTION FOR PRELIMINARY
INJUNCTION; AFFORDING PLAINTIFF
LEAVE TO SUPPLEMENT
MISCELLANEOUS ADMINISTRATIVE
REQUEST; CONTINUING CASE
MANAGEMENT CONFERENCE;
VACATING JANUARY 16, 2009
HEARING**

21
22
23
24
25
26
27
28

        Before the Court is plaintiff IO Group, Inc.'s response, filed December 5, 2008, to the

Court's November 18, 2008 order to show cause why the instant action should not be

dismissed for lack of personal jurisdiction over defendant Antelope Media, Inc. ("Antelope").

Antelope has not filed a reply to plaintiff's response.  Also before the Court are plaintiff's

"Motion for Leave to File First Amended Complaint," "Motion for Preliminary Injunction," and

"Miscellaneous Administrative Request Pursuant to Local Rule 7-11 for Leave to Take

Discovery Prior to Rule 26 Conference," each of which was filed December 5, 2008.

Antelope has not filed a response to plaintiff's motions or request.  Having read

1   and considered the above-described filings, the Court finds the matters suitable for decision

2   on the papers submitted, VACATES the hearing scheduled for January 16, 2009 on

3   plaintiff's motions, and rules as follows:

4        1.  Plaintiff has offered evidence sufficient to demonstrate Antelope is an Arizona

5   corporation.  (See Sperlein Decl., filed December 5, 2008, ¶ 2, Ex. A.)  "A corporation may

6   appear in federal court only through licensed counsel."  See United States v. High Country

7   Broadcasting Co., 3 F.3d 1244, 1245 (9th Cir. 1993).  Consequently, the two letters signed

8   by M. Herrmann ("Herrmann") and T. Palicki ("Palicki") and filed by the Clerk of the Court

9   on October 23, 2008 and January 5, 2009, respectively, are hereby STRICKEN, for the

10  reason that neither Herrmann nor Palicki is an attorney and, accordingly, neither can make

11  an appearance on behalf of Antelope.  In particular, neither Herrmann nor Palicki can

12  assert defenses on behalf of Antelope.[1]

13       2.  The order to show cause is hereby DISCHARGED, for the reason that Antelope

14  has not filed a response to the complaint, and, accordingly, has not raised a defense of lack

15  of personal jurisdiction.

16       3.  Plaintiff's motion for leave to file a First Amended Complaint ("FAC") is hereby

17  granted, for the reason that Antelope, the sole defendant, has not filed a response to the

18  initial complaint.  See Fed. R. Civ. P. 15(a).  Plaintiff shall file its FAC within ten days of the

19  date of this order.

20       4.  To the extent plaintiff's motion for a preliminary injunction is directed at Sunrise

21  Media, Ltd. ("Sunrise"), Herrmann, and Palicki, the motion is hereby DENIED, for the

22  reason that Sunrise, Herrmann, and Palicki are not, at the present time, parties to the

23  //

24  //

25

26       [1]The Honorable Patricia V. Trumbull, to whom the above-titled action was previously
    assigned, overruled plaintiff's objection to the letter filed October 23, 2008, for the reason
27  plaintiff, at that time, had not shown Antelope was a corporation as opposed to a
    partnership.  Such ruling was without prejudice to plaintiff's offering evidence that Antelope
28  was, in fact, a corporation.  As noted, plaintiff has now offered such evidence.

2

1   instant action.[2]  See Fed. R. Civ. P. 65(a)(1) ("The court may issue a preliminary injunction

2   only on notice to the adverse party.").  Such denial is without prejudice to plaintiff's

3   renoticing the motion as to Sunrise, Herrmann, and/or Palicki, after plaintiff has filed the

4   FAC and has effectuated service of process on such parties or party.  To the extent

5   plaintiff's motion for a preliminary injunction is directed at Antelope, the motion is hereby

6   DENIED, for the reason that Antelope was "dissolved" on September 16, 2008, (see

7   Sperlein Decl. Ex. A), and divested itself, on various dates in 2008, of its ownership interest

8   in the websites on which, according to plaintiff, defendant engaged in infringing activities,

9   (see id. ¶¶ 4-6; Exs. B, C).  Under such circumstances, plaintiff has made "no showing of

10  any real or immediate threat that [ ] plaintiff will be wronged again" by Antelope.  See City of

11  Los Angeles v. Lyons, 461 U.S. 95, 110 (1983) (setting forth standard for issuance of

12  preliminary injunction); see also Ariz. Rev. Stat. § 10-1405 (providing dissolved corporation

13  "shall not carry on any business except that business appropriate to wind up and liquidate

14  its business and affairs").

15      5.  By its Miscellaneous Administrative Request, plaintiff seeks leave to serve

16  certain subpoenas on third parties.  In its proposed order granting said request, plaintiff

17  seeks leave to serve subpoenas that are "substantially in the same form as the example

18  attached to plaintiff's Miscellaneous Administrative Request [ ] as Exhibit A."  (See

19  "[Proposed] Order for Leave to Take Early Discovery".)  Plaintiff has not, however,

20  attached an exhibit to its Miscellaneous Administrative Request, nor otherwise submitted

21  the example.  Accordingly, plaintiff is hereby afforded leave to supplement its

22  Miscellaneous Administrative Request by filing, no later than ten days from the date of this

23  order, the above-referenced Exhibit A.

24  //

25  //

26

27      [2]In its proposed FAC, plaintiff seeks to add claims against Sunrise, Herrmann, and
    Palicki.
28

3

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

    6.  The Case Management Conference is hereby CONTINUED from January 30,
2009 to March 20, 2009, at 10:30 a.m..  A Joint Case Management Conference shall be
filed no later than March 13, 2009.

    **IT IS SO ORDERED.**

Dated: January 12, 2009

MAXINE M. CHESNEY
United States District Judge

4