D. GILL SPERLEIN (172887)
THE LAW OFFICE OF D. GILL SPERLEIN
584 Castro Street, Suite 879
San Francisco, California 94114
Telephone: (415) 378-2625
Facsimile: (415) 252-7747
legal@titanmedia.com

Attorney for Plaintiff
IO GROUP, INC.

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| IO GROUP, INC. d/b/a TITAN MEDIA, a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>ANTELOPE MEDIA, LLC, an Arizonian limited liability company, SUNRISE MEDIA, Ltd., a British Limited Company, MIKE HERMANN, a.k.a. MAIK HERRMANN, a resident of Germany; THORSTEN PALICKI, a resident of Germany; NEWHAVEN, a Dutch business entity, type unknown, PATRICK SCHWARZ, a resident of the Netherlands, and DOES 1 through 9 inclusive,<br><br>Defendants. | **CASE NO.: C-08-4050 (MMC)**<br><br>**PLAINTIFF'S MISCELLANEOUS ADMINISTRATIVE REQUEST TO EXTEND DEADLINE TO SERVE DEFENDANT SUNRISE MEDIA, LTD., and ~~[PROPOSED]~~ ORDER**<br><br>**No Hearing** |

Pursuant to Local Rule 7-11, Plaintiff requests that the Court extend the deadline to serve

Defendant Sunrise Media, Ltd. Stipulation for this motion could not be achieved because no

-1-

defendants have appeared. The Court has once previously extended the deadline for service upon defendants.

## PROCEDURAL AND FACTUAL BACKGROUND

On August 25, 2008, Plaintiff filed a Complaint for Copyright Infringement and other claims against Defendant Antelope Media, an Arizona limited liability company. Plaintiff served the Summons and Complaint on Antelope Media, LLC and it immediately dissolved. Its sole members/managers, Mike Herrmann and Thorsten Palicki, formed a new company in Great Britain, Sunrise Media, Ltd., and transferred assets to the newly formed company. Plaintiff amended its Complaint to name Sunrise Media, Ltd Herrmann and Palicki. Plaintiff also added a claim for fraudulent transfer.

On June 1, 2009 the Court Ordered Plaintiff to serve all defendants no later than September 25, 2009. Plaintiff served Defendants Palicki and Herrman on August 7th and 8th 2009 respectively. Sperlein Declaration at ¶2. At Palicki and Herrmann's request, the Court extended until October 2, 2009 the deadline for them to file a pleading responsive to the Second Amended Complaint.

Plaintiff now suspects that two additionally named defendants, Patrick Schwarz and Newhaven Corp, are aliases. Plaintiff has ceased efforts to serve Schwarz and Newhaven, but wishes to reserve the right to seek leave to serve them if discovery should reveal they actually exist. Thus, the only Defendant remaining to be served is Sunrise Media, Ltd.

On March 20, 2009, Plaintiff attempted to serve Sunrise Media via registered mail as provided for in the Federal Rules for Civil Procedure and permitted under the Hague Convention. Sperlein Declaration at ¶3. Within a week the U.S. Post Office website reported the package containing the Summons and Complaint had been successfully delivered, but the Post Office

failed to return the signature card.  The Post Office suggested Plaintiff's counsel should wait at least six weeks, however, the Post Office never returned the signature card and all attempts to locate it failed.   On June 1, the Court granted Plaintiff's request for additional time to serve all defendants.  *See* Sperlein's Declaration in Support of Plaintiff's request for Early Discovery, Dckt. #50, ¶3.

Uncertain as to the validity of the service attempt, within a week of the Court's order setting September 25, 2009 as the service deadline, Plaintiff engaged an International Process server who prepared the documents and delivered them to the Central Authority in London. Sperlein Declaration at ¶4.  On August 10, 2009, after several months of waiting, the documents were returned with a message that they could not be served because the Sunrise Media, Ltd. had dissolved.  Unfortunately, the Central Authority made an error and confused a different company with the Sunrise Media, Ltd. named as a defendant in this matter.  This occurred in spite of the fact that the two companies had different company numbers and Plaintiff had provided the Central Authority with the correct number.  *Id*. at ¶5.

Plaintiff immediately made inquires to the Central Authority and to its international process server.  *Id*. at ¶6.  Plaintiff was instructed that the only course of action was to resubmit the papers.  Plaintiff's International Process server express mailed a second request on August 14, 2009.  Plaintiff is currently awaiting a response.  *Id*.

## REQUEST

International service of process can be cumbersome and time consuming.  Plaintiff has consistently attempted to move this matter forward as swiftly as possible.  Service on Defendant Sunrise Media should be completed relatively soon, therefore, Plaintiff requests an additional sixty (60) days to serve Defendant Sunrise Media, Ltd.

Alternatively, Plaintiff requests that the Court issue an order deeming Sunrise Media, Ltd. as having been served based on the following facts. Although the signature card was not returned, the United States Post Office reports that the Summons and Complaint were delivered to Sunrise Media. The two sole share holders and officers of Sunrise Media, Thorsten Palicki and Mike Herrmann, have been served with Summons and copies of the Second Amended Complaint in their individual capacities. Palicki and Herrman were the sole managers/members of Antelope Media which Plaintiff served on September 18, 2008 – over a year ago. Palick and Herrmann the sole stock holders and corporate officers for Sunrise Media are well aware of the suit. They first wrote to the Court on October 23, 2008 on behalf of Antelope Media [Dckt #8], and subsequently sent letters to the Court on January 5, 2009 asking that the case be dismissed [Dckt #26], and on August 28, 2009 expressing surprise that they had been served and requesting additional time to file a response [Dckt #52]. Apparently seeking to avoid service for as long as possible, none of the correspondence contained any current contact information.

For the forgoing reasons, Plaintiff respectfully requests that the Court enter an order substantially in the form of the accompanying Proposed Order.

Dated: *September 23, 2009*          Respectfully submitted,
                                     */s/ Gill Sperlein*
                                     GILL SPERLEIN
                                     Attorney for Plaintiff IO GROUP, INC.

~~[PROPOSED]~~ **ORDER**

Having considered Plaintiff's Miscellaneous Administrative Request Pursuant to Local Rule 7-11 to Extend Deadline to Serve Defendants, Sunrise Media, Ltd., and finding good cause therefore,

**IT IS HEREBY ORDERED,** that the deadline for serving Defendant Sunrise Media, Ltd. in this matter shall be extended sixty (60) days from the date of this order.

~~[ALTERNATIVELY]~~

~~**IT IS HEREBY ORDERED,** that based on the facts set forth in Plaintiff's Miscellaneous Administrative Request to Extend Deadline to Serve Defendant Sunrise Media, Ltd., the Court finds that Plaintiff's efforts have resulted in valid service upon Sunrise Media, Ltd.~~

~~**IT IS FURTHER ORDERED,** that Sunrise Media, Ltd. shall have until _____ to file a pleading responsive to the Second Amended Complaint.~~

**IT IS FURTHER ORDERED,** that Plaintiff shall send a copy of this order to Defendant Sunrise Media, Ltd at its registered business address as set forth below:

> Sunrise Media, Ltd
> 69 Great Hampton Street
> Birmingham
> United Kingdom
> B16 6EW

IT IS FURTHER ORDERED that Plaintiff's claims against Patrick Schwarz and Newhaven are DISMISSED without prejudice, pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

Dated: September 28, 2009

*/s/ Maxine M. Chesney*
MAXINE M. CHESNEY
UNITED STATES DISTRICT JUDGE