D. GILL SPERLEIN (172887)
THE LAW OFFICE OF D. GILL SPERLEIN
584 Castro Street, Suite 879
San Francisco, California  94114
Telephone: (415) 404-6615
Fax: (415) 404-6616
gill@sperleinlaw.com

Attorney for Plaintiff
IO GROUP, INC.

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| IO GROUP, INC., a California corporation, | ) **CASE NO.:   C-08-4050 (MMC)** |
| | ) |
| Plaintiff, | ) **AFFIDAVIT OF IDENTITY AND** |
| | ) ~~[PROPOSED]~~ **ORDER** |
| vs. | ) |
| | ) Cal. Code Civ. Pro. 680.135 |
| ANTELOPE MEDIA, LLC, an Arizonian limited liability company, SUNRISE MEDIA, Ltd., a British Limited Company, MIKE HERMANN, a.k.a. MAIK HERRMANN, a resident of Germany; THORSTEN PALICKI, a resident of Germany; PSI SERVICES, SA, a business entity type and location unknown, and DOES 1 through 9 inclusive, | ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

I, GILL SPERLEIN, declare:

     1.    I am an attorney at law licensed to practice in the State of California and attorney of record for Plaintiff Io Group, Inc.

2.      I submit this Affidavit of Identity in accordance with California Code of Civil Procedure §680.135 which reads in its entirety:

> ""Affidavit of Identity" means an affidavit or declaration executed by a judgment creditor, under penalty of perjury, that is filed with the clerk of the court in which the judgment is entered at the time the judgment creditor files for a writ of execution or an abstract of judgment. The affidavit of identity shall set forth the case name and number, the name of the judgment debtor stated in the judgment, the additional name or names by which the judgment debtor is known, and the facts upon which the judgment creditor has relied in obtaining the judgment debtor's additional name or names. The affidavit of identity shall not include the name or names of persons, including any corporations, partnerships, or any legal entities not separately named in the judgment in which the judgment debtor is a partner, shareholder, or member, other than the judgment debtor." Cal. Code Civ. Pro. §680.135.

3.      The Court entered judgment in favor of Plaintiff Io Group, Inc. and against Defendants on June 1, 2010.  The names of the judgment debtors are ANTELOPE MEDIA, LLC, SUNRISE MEDIA, Ltd., MIKE HERMANN, a.k.a. MAIK HERRMANN, THORSTEN PALICKI, and PSI SERVICES, SA.

4.      Judgment debtors Antelope Media, LLC and Sunrise Media, Ltd. (Antelope's successor in interest) is also known as, does business as, and has registered domain names as "Newhaven".

5.      I relied on the following facts in obtaining the judgment debtor's additional name.

6.      All domain names must be registered with an Internet Corporation for Assigned Names and Numbers (ICANN) accredited registrar.  This process allows domain names to be associated with specific locations on the Internet identified by an Internet Protocol (ip) address which consists of a series of numbers.  Therefore, when someone enters a domain name such as www.cand.uscourts.gov into a Internet browser, the browser goes to a specified location on the Internet and nowhere else.

7.      Each domain name can only be registered to one person or entity at any given time.

-- 2 --

8.      Information about the individuals or businesses who registered a specific domain name is publicly available on the Internet through a simple process called a "whois search".   I personally performed a whois search for www.monstercocktube.com at the time of the original infringing activity and it was registered to Defendant Antelope Media, LLC.  On August 14, 2008, immediately after this action was filed, Antelope Media, LLC changed the domain name registration to a blind registration so that registration information was not longer available to the public and then on October 23rd argued to the Court that it did not own the infringing website. [Dckt. No.8, Letter from Antelope Media]  On or about December 29, 2008 the information was again made public, now showing the owner simply as Newhaven.

9.      Plaintiff filed a Second Amended Complaint to include Newhaven as a defendant. However, mail sent to the registered address in the Netherlands was returned undeliverable with a notation that no such address exists.  The Court dismissed Newhaven pursuant to Rule 4(m) for the Federal Rules of Civil Procedure.  [Dckt. No. 65]

10.     Defendants operate on an international scale.  Public records associated with this matter show addresses for Defendants in England the United States, the Seychelles, Germany, and the Netherlands.  It is not possible, or at least not feasible to search all public records worldwide to determine if Newhaven is an actual legal entity or simply another name made up by defendants. However, I searched on line databases for registered businesses in the Netherlands and performed broader searches for Newhaven using Google search functions.   Nothing I could find in any public files indicates that Newhaven is a separate legal entity.

11.     Currently, Defendants operate their main website at monstercock*land*.com which is registered to Defendant and judgment debtor PSI Services, SA.  However, monstercock*tube*.com also still functions but in a very limited manner.  Defendants take advantage of the popularity of the original name, by redirecting traffic from monstercock*tube*.com to monstercock*land*.com.  In other words, if a user types in monstercock*tube*.com, or if he clicks on an older link to monstercock*tube*.com, the user's web browser automatically redirects the user to

monstercock*land*.com, the location where the site now resides.  The fact that monstercocktube.com redirects to monstercockland.com indicates that the registrants for the websites, Newhaven and PSI Services, act with a unity of interest.

12.     For over eight years I have been involved in tracing and identifying the true owners of Internet websites engaged in copyright infringement.   In my experience, I have found that many individuals and organizations register domain names using pseudonyms, assumed names, or fictitious names in order to operate an Internet website while maintaining a certain level of anonymity.  Certainly in this case, the Court has witnessed Defendants engaging in evasive actions to avoid accountability for their illegal activity.

13.     In summary, Antelope Media, LLC and Sunrise Media, Ltd, registered the domain name monstercocktube.com using the fictitious business name "Newhaven."   In order to collect on the judgment by allowing Plaintiff under the direction of a U.S. Marshal to seize and then sell the domain name monstercocktube.com, Plaintiff seeks to have Newhaven" added as a judgment debtor.

Pursuant to the laws of the United States, I declare under penalty of perjury the foregoing is true and correct.

Dated:  July 20, 2010

/s/ D. Gill Sperlein

_____

D.Gill Sperlein,
for Plaintiff Io Group, Inc.

### [~~PROPOSED~~] ORDER

The Court having considered the above Affidavit of Identity,

**IT IS SO ORDERED**, that the term judgment debtor include the name "Newhaven."

Dated __July 28, 2010_____          __/s/ Vaughn R Walker_____

THE HONORABLE VAUGHN R WALKER
UNITED STATES DISTRICT JUDGE
for MAXINE M. CHESNEY
UNITED STATES DISTRICT JUDGE

-- 4 --